CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 23 2009

JOHN F. CORCORAN, CLERK
BY: S. [signature]
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| CHARLES KING, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 7:09-cv-00410 |
| ) | |
| v. ) | **MEMORADUM OPINION** |
| ) | |
| FLINN & DREFFEIN ENGINEERING CO., ) | By: Hon. James C. Turk |
| ) | Senior United States District Judge |
| Defendant. ) | |

This matter is presently before the court on Plaintiff Charles King's Motion to Remand to State Court (Dkt. No. 5). Defendant Flinn & Dreffein Engineering Co. filed a Memorandum in Opposition to Plaintiff's Motion to Remand (Dkt. No. 8). Plaintiff King filed a Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion to Remand (Dkt. No. 10). The Court heard oral argument on the Motion on November 17, 2009. For the reasons that follow, Plaintiff King's Motion to Remand is **DENIED** and King is hereby **GRANTED** a certificate of appealability for an interlocutory appeal.

**I. Procedural History**

Plaintiff Charles King (hereafter "King") filed the complaint in this matter in the Circuit Court for the City of Roanoke, Virginia, on September 17, 2008. King did not serve the defendant until September 17, 2009, exactly one year after King filed the complaint in state court. On October 7, 2009, Defendant Flinn & Dreffein Engineering Co. (hereafter "Flinn") filed a Notice of Removal under 28 U.S.C. § 1441 and 28 U.S.C. § 1446. The basis of removal was diversity jurisdiction under 28 U.S.C. § 1332: King is a resident of Virginia, Flinn is

incorporated in Illinois, and the complaint seeks damages of $10 Million. Flinn asserted that removal was proper because the Notice of Removal was filed within thirty days after they received service of the complaint, thereby complying with 28 U.S.C. § 1446(b). King's Motion to Remand, however, asserts that removal is improper because, under 28 U.S.C. § 1446(b), diversity cases may not be removed more than one year after commencement of the action.

**II. Both Statute and Precedents Are Ambiguous**

Section 1446 of Title 28 sets forth the proper procedures for removal and, among other limitations, specifies that:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The latent ambiguity of this subsection is whether the one-year limitation on removal applies to all diversity cases, or only to those cases that were not removable as stated in the initial pleading. Wright, Miller & Cooper highlights this confusion by noting:

> [There is no] inevitable construction of the statute, however. Textually, it might be read as applying to all diversity causes, whether initially removable or not. Under this construction, an additional requirement for diversity of citizenship removal jurisdiction is that the case has been in state court for less than a year.

14 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3732 (3d ed. 1998). Reading the one-year limitation as jurisdictional and not

procedural would obligate this Court to remand the case to state court, because the suit would be outside of the Court's subject matter jurisdiction. "Although a federal court may waive procedural rules at times, it cannot entertain a suit that is not within its subject matter jurisdiction." Id.

The correct interpretation of 28 U.S.C. § 1446(b) is unresolved in the Fourth Circuit. Dicta by the Fourth Circuit has suggested that 28 U.S.C. § 1446(b) may be an "absolute bar to removal of cases in which jurisdiction is premised on 28 U.S.C. § 1332 'more than 1 year after commencement of the action.'" Lovern v. Gen. Motors Corp., 121 F.3d 160, 163 (4th Cir. 1997) (citing 28 U.S.C. § 1446(b)). The "absolute bar" language suggests that § 1446(b) may be considered jurisdictional. Other District Courts in the Fourth Circuit, however, acknowledge that Lovern is neither precedential nor determinative of this issue. See US Airways, Inc. v. PMA Capital Ins. Co., 340 F. Supp. 2d 699, 708 n.13 (E.D. Va. 2004) (acknowledging, "the issue remains unresolved in this circuit... [although] it would seem unlikely that the Fourth Circuit would adopt such an exception to § 1446(b)'s 'absolute bar' to removal"); Culkin v. CNH Am., LLC, 598 F. Supp. 2d 758, 761 (noting, "the Fourth Circuit has referred, in dicta, to the one year limitation...as an 'absolute bar'...thus...equitable tolling is likely not available").

But it is incorrect to conclude that the District Courts in the Fourth Circuit have unanimously adopted this position. In Rauch v. Rauch, 446 F. Supp. 2d 432 (D.S.C. 2006), the court rejected the "absolute bar" position. The court expressly rejected the characterization of the "statutory limitation of § 1446(b)... [as] jurisdictional" and therefore found it waivable "in the favor of equity where the plaintiff has acted improperly to prevent removal." Id. at 436. The court in Rauch certified the question for an interlocutory appeal to decide "whether the one year limitation on removal to federal court described by 28 U.S.C. § 1446(b) is properly characterized

as a jurisdictional limitation or whether it is not jurisdictional, and thus may be waived in the favor of equity." Id. at 436-37. The parties never pursued this appeal.

Although the Fourth Circuit has not decisively answered this question, the other circuit courts of appeal that have addressed this question are in consensus and have all reached the same result as the Rauch court. Decisions by the courts of appeal for the Fifth, Sixth, Seventh, Eighth, Ninth, and Eleventh Circuits have all concluded that the one year limitation of § 1446(b) does not apply to cases which were initially removable when filed.[1] Thus, they concluded the one year limitation is not a jurisdictional requirement for all diversity cases, but merely a procedural requirement applicable to cases not initially removable when filed.

### III. Plain Reading of Statute Is Consistent with Interpretation by Other Circuits

This Court concludes that the plain language of the statute imposes the one year limitation on removal exclusively on cases that are not removable when filed. Because the Plaintiff's case was removable upon the filing of the complaint, the Defendant must only comply with the first paragraph of § 1446(b). Hence, a Defendant may file a notice of removal within "thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant." 28 U.S.C. § 1446(b). It is only when the Plaintiff's case is not removable on the basis of the initial pleading that the second paragraph need be considered, and the one year limitation imposed. "Based on the ordinary language usage, the qualifying clause [of the one year limitation]... can only be interpreted to modify the antecedent clause to which it is attached, and not previous sections of the text."

---

[1] N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873 (5th Cir. 1998); Brierly v. Alusuisse Flexible Packaging., Inc., 184 F.3d 527 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000); Price v. Wyeth Holdings Corp., 505 F.3d 624 (7th Cir. 2007); Brown v. Tokio Marine & Fire Ins. Co., 284 F.3d 871, 873 (8th Cir. 2002), cert. denied, 537 U.S. 826 (2002); Ritchey v. Upjohn Drug Co., 139 F.3d 1313 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998); Carter v. Frito-Lay, Inc., 144 Fed. Appx. 815 (11th Cir. 2005).

Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 534-35 (6th Cir. 1999), cert. denied, 528 U.S. 1076 (2000). This is eminently reasonable. If Congress wished to establish a jurisdictional bar on removal that applied to all diversity cases, Congress could have easily placed the one year limitation into its own sentence or paragraph at the end of § 1446(b). See Zogbi v. Federated Dep't Store, 767 F. Supp. 1037, 1040 n.4 (C.D.Cal. 1991). Like the Ninth Circuit, this Court "sees no reason to twist ordinary language usage and rules of grammar in order to preclude removal." Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1316 (9th Cir. 1998), cert. denied, 525 U.S. 963 (1998). The text of the statute, although technically susceptible to a different interpretation, is most sensibly understood as applying the one year limitation on removal only to those cases which are not initially removable. Thus, the one year limitation should be understood not as a jurisdictional bar applicable to all diversity cases, but rather a procedural bar applicable only to certain removal cases.

This characterization is consistent with the title of 28 U.S.C. § 1446, "Procedure for removal," which confirms the procedural nature of this limitation. Although "it has long been established that the title of an Act 'cannot enlarge or confer powers,' reference to the title of this subsection is, nevertheless, useful in resolving whatever ambiguity still exists. Pennhurst State Sch. & Hosp. v. Halderman, 451 U.S. 1, 19 n.14 (1981) (citing United States v. Or. & Cal. R. Co., 164 U.S. 526, 541 (1896). The Supreme Court has often "stated that the title of a statute or section can aid in resolving an ambiguity in the legislation's text." I.N.S. v. Nat'l Ctr. for Immigrant's Rights, Inc., 502 U.S. 183, 189 (1991) (holding, "the text's generic reference to 'employment' should be read as a reference to the 'unauthorized employment' identified in the paragraph's title"). Here, the paragraph's title designates the restrictions procedural rules. The Court will not transform them into jurisdictional bars in the face of contrary congressional intent.

## IV. Policy Rationales Reinforce Plain Reading of Statute

Although a plain reading of the text conclusively determines the correct interpretation of this statute, the Court's judgment is reinforced by the close correspondence of this interpretation with the broader policy behind removal. The Fourth Circuit has previously turned to the policy rationale behind removal when faced with statutory ambiguity. McKinney v. Bd. of Trustees of Md. Cmty. Coll., 955 F.2d 924 (4th Cir. 1992). In McKinney the Fourth Circuit, in determining when the thirty day removal period began to run, turned to the policy considerations underlying §1446(b):

> By providing for removal in the first place, Congress seems to believe that the defendant's right to remove a case that could be heard in federal court is at least as important as the plaintiff's right to the forum of his choice. Rather than favoring plaintiffs or defendants, we agree with the district court that the removal procedure is intended to be 'fair to both plaintiffs and defendants alike. Under the view urged by the plaintiffs here, the rights of defendants generally could be rather easily overcome by tactical maneuvering by plaintiffs. ...Congress created the removal process to protect defendants. It did not extend such protection with one hand, and with the other give plaintiffs a bag of tricks to overcome it.'

Id. at 927-28 (citing McKinney v. Bd. of Trustees of Md. Cmty. Coll., 713 F. Supp. 185, 189 (W.D.N.C. 1989)). The policy rationales identified by the Fourth Circuit in McKinney are directly applicable here. Because Virginia law establishes that an action commences with the filing of the complaint in state court, the plaintiff's interpretation of § 1446(b) would permit every plaintiff to block removal of any diversity case by withholding service on the defendant until one year after the filing of the complaint. The same day the plaintiff serves the defendant would be the last day the defendant might file a Notice of Removal. Thus, "the rights of the defendants" to remove a diversity case to federal court "could be rather easily overcome by tactical maneuvering by plaintiffs," a result clearly contrary to the Fourth Circuit's previous holdings. Id. Here, the plaintiff has quite appropriately admitted that his peculiar timing was a

6

purely tactical maneuver. In accordance with McKinney, the Court will not sanction such a result when it was not intended by Congress.

The policy rationales behind the second paragraph of § 1446(b) do not support a contrary holding. As thoroughly discussed in N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873 (5th Cir. 1998), Congress identified one overarching policy rationale behind the second paragraph of § 1446(b) – to prevent removal when substantial progress has already been made in a state court proceeding. The Fifth Circuit looked to the legislative history to identify these specific concerns: removal after a "change of parties as an action progresses toward trial in state court" or removal following a "settlement with a diversity-destroying defendant on the eve of trial" might lead to unwarranted delay and expense. Id. at 887 (citing to H.R. REP. NO. 100-889 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6031-6034). Although these policy rationales are exceedingly sensible when applied to cases not initially removable, they are quite clearly not relevant when a case is initially removable, where the thirty day limit already controls. In the particular circumstance of this case, where no progress beyond the filing of the complaint was made in state court before the defendant filed the Notice of Removal, these policy rationales are, again, entirely irrelevant.

### IV. Removal Is Proper In the Instant Circumstances

Given the Court's conclusions above, it is certain that removal in the instant circumstances is proper. The action is undoubtedly susceptible to removal under 28 U.S.C. § 1441. This Court has jurisdiction under 28 U.S.C. § 1332: King is a resident of Virginia, Flinn is incorporated in Illinois, and the complaint seeks damages of $10 Million. Defendant Flinn complied with the first paragraph of § 1446(b) by filing its Notice of Removal within thirty days of receipt of the summons. The Court does not subscribe to the "absolute bar" rule suggested by

plaintiff, and set forth in previous Fourth Circuit dictum. The Court finds that the plain language of the statute can be sensibly interpreted to apply the one year limitation *only* to cases not initially removable. Moreover, in light of the circumstances of the instant case, the Court finds that this interpretation is clearly consistent with the policy rationales which underlie removal, in general, and § 1446(b), in particular.

**V. Conclusion**

For the reasons stated above, the Court **DENIES** Plaintiff's Motion to Remand. Nevertheless, the Court recognizes that the precise interpretation of 28 U.S.C. § 1446(b) is unresolved by the Fourth Circuit. The Court, therefore, **GRANTS** plaintiff a certificate of appealability for an interlocutory appeal on the issue of whether the one year limitation on removal in § 1446(b) applies to all diversity actions, or only those not initially removable.[2] If plaintiff so chooses, he shall make an application of this appeal to the Court of Appeals within ten days after the entry of the accompanying Order. The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel of record for the parties.

ENTER: This 23rd day of November, 2009.

Hon. James C. Turk
Senior United States District Judge

---

[2] See 28 U.S.C.A. § 1292(b) ("When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such an order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing such an order.").